USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-10-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERIZON DIRECTORIES CORP.,

        Plaintiff,

- against -

AMCAR TRANSPORTATION CORP.,

        Defendant.

REPORT AND
RECOMMENDATION

05 Civ. 8867 (GBD) (RLE)

To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:

## I. INTRODUCTION

On October 18, 2005, the plaintiff, Verizon Directories Corporation ("Verizon"), brought this action against AMCAR Transportation Corporation ("AMCAR"), for breach of contract resulting from the failure of AMCAR to pay the total costs for advertising in Verizon's yellow pages as contracted between the parties. (Plf.'s Mem. of Law at 1.) AMCAR failed to file an answer to Verizon's Complaint or otherwise appear in this matter. The Honorable George B. Daniels entered a default judgment against AMCAR on July 25, 2007, and on August 8, 2007, referred the case to the undersigned for an inquest on damages, interest, attorneys' fees, and costs. For the following reasons, I recommend that judgment be entered for Verizon in the amount of $260,346.24 in damages, inclusive of interest through October 10, 2008, and with interest continuing to accrue at $83.37 per day thereafter until the date of judgment. I recommend that Verizon be awarded $15,699.88 in attorney's fees and costs.

## II. BACKGROUND

Verizon and AMCAR entered into a series of contracts, and Verizon provided advertising services in accordance with these contracts for a total cost to AMCAR of $389,553, of which

only $220,497 was paid, leaving a balance of $169,056. (Plf.'s Mem. of Law at 1.) Despite Verizon's demands for payment, AMCAR has not made full payment on the amount due, nor has it disputed the amount owed. (*Id.*) Verizon seeks the principal amount owed; attorney's fees and statutory costs in the amount of $18,441.68; plus interest on any unpaid principal at eighteen percent per annum ($30,430.08 per year; or $83.37 per day), beginning to accrue on October 10, 2005, the latest unpaid fee date, (Decl. of Christine Dempsey, March 15, 2007 ("First Dempsey Decl."), Ex. C at 4), through the date on which judgment is to be entered. The Court scheduled a conference for October 30, 2007, to address the damages issue. AMCAR failed to appear. Pursuant to the Court's direction, Verizon filed its memorandum on damages with the Court on November 13, 2007. AMCAR was allowed until December 5, 2007 to file a response, but failed to do so.

## III. DISCUSSION

### A. Standard for Default Judgment

Following a default judgment, all well-pled factual allegations of the complaint, except those relating to damages, are accepted as true. *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 03 Civ. 0517 (GBD) (RLE), 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005) (*referencing Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). *See also Mason Tenders v. Universal Mechanical*, 03 Civ. 3673 (GBD) (RLE), 2004 WL 367702, at *2 (S.D.N.Y. Feb. 20, 2004); *Au Bon Pain v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981)). A factual allegation will be deemed not well-pled only in "very narrow, exceptional circumstances." *TMS Entm't Ltd.*, 2005 WL 2063786, at *2 (*citing Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969), *modified on other grounds*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*,

3

409 U.S. 363 (1973)). The district court must conduct an inquest in order to determine the amount of damages with reasonable certainty, and it may make such determination without a hearing, "as long as it [has] ensured that there is a basis for the damages specified in the default judgment." *Id.* (*citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (*quoting Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Specifically, the court must determine the proper rule for calculating damages on the claim, which may or may not include a hearing on the matter, and determine whether plaintiff's evidence sufficiently supports the damages to be determined under that rule. *Id.* (*referencing Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Accordingly, the court may rely on plaintiff's affidavits or documentary evidence in determining the reasonableness of the damages requested. *Id.* (*referencing Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)). Here, the allegations in the complaint and the entering of a default judgment support a finding that AMCAR is liable for breach of contract. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995).

## B.    Computation of Damages

Damages for breach of contract are determined by calculating the "amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Trans Atlantic Airlines, Inc. v. Kambi Travel Int'l*, 05 Civ. 2552 (RLE), 2006 WL 1317024, at *1 (S.D.N.Y. May 12, 2006) (*citing Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995); *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 92 (2d Cir. 1984)). *See also TMS Entm't Ltd.*, 2005 WL 2063786, at *3. Additionally, where the breach of contract was a failure to pay money, the plaintiff is entitled to recover the unpaid amount due under the contract

4

plus interest. *See Scavenger, Inc. v. GT Interactive Software Corp.*, 289 A.D.2d 58, 58-59 (1st Dep't 2001). AMCAR contracted Verizon to print advertisements in various yellow pages directories, which Verizon printed but was not paid for. Verizon has invoiced and sufficiently documented AMCAR's outstanding balance of $169,056. (First Dempsey Decl., Ex. C at 4.) AMCAR has not contested the amount owed. Verizon is entitled to recover this principal amount of $169,056.

Verizon has also requested that, according to their contracts with AMCAR, the Court award interest on the unpaid invoices at a rate of eighteen percent annually (1.5% per month), through the date on which judgment is entered. (Decl. of Christine Dempsey, September 2, 2008, at 2.) Under New York State law, which governs this diversity action, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." *United States Naval Inst. v. Charter Communications, Inc.*, 936 F.2d 692, 698 (2d Cir.1991). Interest is calculated at the New York State statutory rate of nine percent per annum, N.Y.C.P.L.R. § 5004, unless the agreement contract provides a different rate. *Nuera Communications v. Telron Communications USA, Inc.*, 00 Civ. 9167 (RMB) (FM), 2002 WL 31778796, at *3 (S.D.N.Y. Nov. 15, 2002). An interest rate of 1.5% per month is lawful where an agreement provides that the interest rate will be 1.5% per month or the maximum rate allowed by law, if lower, *Sogetti, U.S.A., L.L.C. v. Whirlwind Bldg. Systems, Inc.*, 496 F. Supp. 2d 380, 381-82 (S.D.N.Y. 2007), and where the agreement is not a loan agreement. *Id.* (*citing Waterbury v. City of Oswego*, 251 A.D.2d 1060 (N.Y.App.Div. 1998). A corporation is not entitled to avoid payment of an interest obligation merely because the rate is high. *Id.* at 382. Here, the contracts between Verizon and AMCAR were for the purchase of advertising and stated that late charges

would accrue "at a rate of interest equal to the lesser of (i) 18% per annum or (ii) the highest applicable lawful rate of interest." (Second Dempsey Decl., Ex. 2.) Verizon's request for annual interest of 18% on the unpaid invoices is within the scope of New York law, and should be granted. Verizon is entitled to recover $91,290.24 in interest through October 10, 2008, to accrue at $83.37 per day thereafter until the date of judgment. Principal plus interest as of October 10, 2008 totals $260,346.24.

## C. Attorney's Fees and Costs

Verizon seeks an award of attorney's fees in the amount of $17,946.68 and costs in the amount of $495, for a total of $18,441.68. (Decl. of Thomas Kissane ("Kissane Decl."), Exs. 1-4.) Pursuant to 29 U.S.C. § 1132(g)(2)(D), plaintiffs are entitled to an award of reasonable attorney's fees and costs that are calculated using the "lodestar" method, that is, the hours reasonably expended multiplied by a reasonable hourly rate. *See LeBlancSternberg v. Fletcher*, 143 F.3d 748, 763-64 (2d Cir. 1998) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar figure is based upon current, prevailing market rates. *See id.* at 764 (*quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Additionally, the terms and conditions of the contracts between Verizon and AMCAR provide that Verizon can recover all reasonable attorney's fees and costs resulting from a successful suit to recover outstanding payments. (Second Dempsey Decl. ¶ 6; Exs. 1-2.) Although there is a "strong presumption" that the lodestar is reasonable, the calculated amount may be adjusted, depending on such considerations as the novelty and difficulty of the issues. *See Toys "R" Us, Inc. v. Abir*, No. 97 Civ. 8675 (JGK), 1999 WL 61817, at *1-2 (S.D.N.Y. Feb. 10, 1999); *see also Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 WL 2946472, at *3 (S.D.N.Y. Feb. 27, 2006). In determining a reasonable

6

hourly rate, the Court should consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (*quoting Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984)). In addition, the Court may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community. *Miele v. New York State Teamsters Conf. Pens. & Retirement Fund*, 831 F.2d 407, 409 (2d Cir. 1987). For purposes of determining the fee, the relevant community is the judicial district in which the trial court sits. *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

In the Second Circuit, a party seeking an award of attorney's fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done." *New York State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). When determining the reasonableness of the hours expended by counsel, the court considers "the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (*citing Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir.1994); *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985)). Morever, the Court should reduce the lodestar calculation by any amount of time it deems unreasonable. *See Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1998) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

In support of its application for fees and expenses, Verizon has submitted a declaration which describes the three primary attorneys who worked on the case, their rates and hours, the projects they worked on, and their range of experience. (Kissane Decl.) Thomas Kissane has also attached attorney billing reports for professional services rendered, and records of expenses and

7

disbursements. (*Id.* Ex. 1-4.) Verizon is seeking approximately 20.4 hours for Kissane, a partner at the law firm, at $425 per hour; 5.1 hours for Richard Dolan, also a partner at the firm, at $525 per hour; 11.5 hours for Audrey Roofeh, an associate at the firm, at $300 per hour; 12.3 hours for four different paralegals at $125 per hour (*Id.* ¶ 8-13.); and 12.5 hours for three other staff members not mentioned in Kissane's declaration but who billed at hourly rates of $250, $350, and $550. (*Id.*, Exs. 1-3.) Kissane has over twenty years' experience in commercial litigation, Dolan has over thirty years' experience in commercial litigation, and Roofeh started as an attorney in 2005. The fee application primarily covers the following work performed by counsel: review and analysis of documents, the Complaint, conferences and correspondence with clients, a motion for default judgment and supporting declarations, and a memorandum on damages. (*Id.*)

Both Kissane and Dolan have extensive experience in commercial litigation and Roofeh has practiced for several years. The Court finds their hourly billing rates reasonable. *See, e.g., Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 434 (S.D.N.Y. 2007) (finding reasonable that one partner and an "of counsel" bill at $550 and three associates of varying seniority and experience bill at $290, $350 and $425 per hour.) However, the hourly rates for the three other staff members billed in this case are high, and no information has been provided as to their credentials or experience to support awarding fees at such rates.

In determining whether the hours claimed by counsel were "reasonably expended," *Hensley*, 461 U.S. at 433, the court must evaluate "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.* Furthermore, it is within this Court's discretion to determine whether or not the work of an additional attorney is reasonable when a firm bills for multiple attorneys' work on the same project. *Luciano*, 109 F.3d

8

at 111 (approving district court's reduction of compensable hours for second trial counsel where district court found that second counsel had questioned one minor witness and otherwise had not participated meaningfully at trial). Verizon is seeking an award of fees for approximately sixty hours of work done by three attorneys, three paralegals, and three other staff, who are presumably attorneys based on their hourly billing rates, but who are not accounted for in any of the declarations. Although the litigation spanned two years, the number of attorneys on the matter, and the number of hours they billed, seems unreasonable given that the matter was uncontested and was not procedurally difficult. The action involved only a complaint, a hearing, a six page memorandum on damages, and a motion for default judgment with brief supporting declarations totaling nine pages.

Taking into account the large number of attorneys staffed on an uncontested case, the Court finds the time Verizon's attorneys expended on this matter to be unreasonable, and recommends discounting the attorney's fees by 15%. Applying the lodestar method and taking into account the warranted reduction, the Court recommends that Verizon be awarded $15,254.88 in attorney's fees.

Verizon also seeks costs in the amount of $495, but has only submitted evidence of filing and service fees totaling $425. (Kissane Decl., Ex. 4.) Verizon also claims docket fees of $20. Total reasonable costs therefore total $445, and the Court recommends they be included in Verizon's recovery.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Verizon recover $260,346.24 in damages, inclusive of interest through October 10, 2008, and with interest continuing to accrue at $83.37

9

per day thereafter until the date of judgment. I recommend that Verizon recover $15,699.88 in attorney's fees and costs.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: October 10, 2008**
**New York, New York**

Respectfully Submitted,

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Plaintiff's Attorney
Richard Henry Dolan
Thomas Aquinas Kissane
Schlam Stone & Dolan, LLP
26 Broadway,
New York, NY 10004
212-344-5400
Fax: 212-344-7677

Defendant
Amcar Transportation Corp.
315 W. 96th Street
New York, NY 10025

10